Eduardo J. Celaya, AZ BAR NO. 014747
Of Counsel to the Law Offices of Michael Lupolover
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 602-281-4547
Fax: 866-810-6455
Email: celayalaw@gmail.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JADA LOVE, | Case No.: |
| Plaintiff, | CIVIL COMPLAINT |
| vs. | AND |
| I.Q. DATA INTERNATIONAL, | JURY TRIAL DEMAND |
| Defendant. | |

Plaintiff, Jada Love, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the IQ Data International (hereinafter "Defendant") as follows:

### **PRELIMINARY STATEMENT**

1.  This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d)

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Jada Love, is a natural person, who at all relevant times has resided in the City of Scottsdale, Maricopa County, State of Arizona, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is incorporated and doing business in the State of Washington, with its corporate mailing address as 1010 SE Everett Mall Way, Suite 100, Everett, WA 98208, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. On or around February 16, 2015, Plaintiff called in after seeing a tradeline from Defendant on her credit report for the original creditor Pointe at the Foothills Apartments.

7. Plaintiff informed Defendant's representative that she did not agree with and was disputing the debt that Defendant had placed on her credit report.

8. Defendant's representative responded that Plaintiff had to dispute the account in writing within thirty days of receiving Defendant's initial letter and she did not do so.

9. As a result, Defendant's representative stated that Plaintiff legally owed the account.

10. Plaintiff then explained to Defendant's representative the reasons why she did not feel Defendant's tradeline to be accurate.

11.     Defendant's representative responded that Plaintiff can say she does not owe the debt, she can mail in a dispute letter, but she still owes it, she may disagree with it, but, legally, she owes it.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT**
**15 U.S.C. §1692(e)(2)(A)**

12.     Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

13.     Plaintiff contacted Defendant on February 16, 2015 to dispute a debt Defendant had in their office.

14.     Defendant's representative informed Plaintiff that because she did not dispute the debt within the first thirty days that legally she owed the account.

15.     Because Plaintiff's failure to dispute the debt in the first thirty days did not relieve Defendant of its burden of proof, Defendant's representative's statements that Plaintiff "legally owes" the account is a false representation as to the legal status of the debt in violation of 15 U.S.C. § 1692e(2) as it indicates that the legal status of the debt has changed when in fact it has not.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

16.     Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 11 above and incorporates them as if set forth specifically herein.

17.     Plaintiff contacted Defendant on February 16, 2015 to dispute a debt Defendant had in their office.

18.     Defendant's representative informed Plaintiff that because she did not dispute the debt within the first thirty days that legally she owed the account.

19.     Because Defendant's representative statements that Plaintiff now legally owes the account is a false representation, Defendant violated 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

## JURY TRIAL DEMAND

20.     Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Jada Love, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a.  That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

b.  That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c.  That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d.  That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

e. That the Court grant such other and further relief as may be just and proper.

Dated this 12th day of March, 2015

        Respectfully Submitted,

        /s/Eduardo J. Celaya_____
Eduardo J. Celaya
Law Office of Eduardo J. Celaya, PLLC
Biltmore Office Plaza
2942 N. 24th Street, Suite 114
Phoenix, Arizona 85016
Telephone: 602-281-4547
Fax: 866-810-6455
Email: celayalaw@gmail.com
Attorney for Plaintiff

Of Counsel to the Firm of:
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Telephone: 201-461-0059
Fax: 201-608-7116
Email: matthew@lupoloverlaw.com